UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81597-CV-BER

RESIDENTIAL ENERGY SERVICES
NETWORK, INC.,

    Plaintiff,

v.

JOHN J. SCHULTZ,

    Defendant.

_____

WALKER REID STRATEGIES, INC.,

    Cross Plaintiff/Third-Party Plaintiff,

v.

JOHN J. SCHULTZ,

    Cross-Defendant,

and

SCHULTZ ENERGY CONSULTING, LLC,

    Third-Party Defendant.

_____

**ORDER GRANTING PARTIES' JOINT MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER AND APPROVING THE PROPOSED CONFIDENTIALITY AGREEMENT (ECF No. 108)**

Cross-Plaintiff/Third-Party Plaintiff, Walker Reid Strategies, Inc., Defendant/Cross-Defendant, John J. Schultz, and Third-Party Defendant Schultz Energy Consulting, LLC filed a Joint Motion for Entry of Stipulated Confidentiality

1

and Protective Order, seeking approval of their proposed confidentiality agreement in which the parties seek entry of a protective order to govern the production of confidential and proprietary information in this case. ECF No. 108. The proposed stipulated confidentiality and protective order ("Stipulated Protective Order") is attached to the Motion.

Having reviewed the provisions of the Stipulated Protective Order and in accordance with Federal Rule of Civil Procedure 26(c)(1), this Court finds good cause to grant the Motion. However, the parties are cautioned that the mere designation as "Confidential" by a party will not influence the Court's decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with the specific reasons that justify such relief.

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). The general public possesses a common-law right to access judicial records, and judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d

2

1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When conducting this balancing test, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

In seeking to file something under seal with the Court, the Parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the Parties must provide the Court with more than just the existence of an agreement between them. The Stipulated Protective Order binds the Parties, not the Court, and good cause must still be shown before a filing is sealed.

Finally, the Parties are reminded that the confidential designation should be applied as narrowly as possible and used only where it is genuinely needed. The Parties shall refrain from the excessive and overbroad use of the confidential designation. Rather than designating an entire document confidential, the Parties are encouraged to use alternative means, such as redaction, in handling sensitive information.

Consistent with the foregoing, it is hereby **ORDERED** that the Parties' Motion for Entry of Stipulated Confidentiality and Protective Order [ECF 108] is **GRANTED**. The terms and provisions of the Parties' proposed confidentiality

agreement are adopted and incorporated in their entirety subject to the additional provisos set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of March, 2023.

_____
BRUCE E. REINHART
United States Magistrate Judge